**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **CIVIL ACTION** |
| **V.** | **NO:    25-1339** |
| **NALCO COMPANY, LLC, AND ECOLAB, INC.** | **SECTION: "R" (4)** |

**ORDER AND REASONS**

Before the Court is **Defendants' Ex Parte Motion for Expedited Consideration of Opposed Motion to Re-Set Submission Date of Plaintiff's Motion to Compel Discovery Responses and Supplemental Disclosures. (R. Doc. 34)**  Also before the Court is the **Defendant's Motion to Re-Set Submission Date of Plaintiff's Motion to Compel Discovery Responses and Supplemental Disclosures. (R. doc. 30)** The Plaintiff's oppose the subject motion.  R. doc.  36.

I.    **Factual Summary**

On January 6, 2022,  Nalco offered Ms. Trina Goehring ("Goehring")  a Logistics Specialist position for which she applied and interviewed, which was contingent on the successful completion and satisfactory results of enumerated post-offer screenings. Rec. doc. 1 Plaintiff was referred to  Corporate Health Resources, Inc. ("CHR") for a medical exam. *Id*. As part of the exam, the plaintiff was required to take an electrocardiogram because she was 40 years or older. *Id*.  Plaintiff was also required to provide a list of prescriptive medications she took for her Bipolar Depression. *Id*.

CHR requested that Ms. Goehring have her treating psychiatrist complete a form regarding her ability to perform the essential functions of the Logistics Specialist Position. *Id*.  Goehring contends that the prospective supervisor's knowledge of her medical conditions had not properly maintained the confidentiality of medical information.   *Id.* The plaintiff also complains that Ms. Goehring's employment was contingent on her being free of any restrictions.

not supplying the form to the defendant, Goehring withdrew her application because of CHR's alleged conduct. *Id*.

On June 30, 2025, the EEOC filed this action alleging that Defendants, operating as an integrated enterprise and joint employers, discriminated against Charging Party Trina Goehring under the Age Discrimination in Employment Act of 1967 ("ADEA") because they conditioned her employment on her submission to an EKG based on her age.  Rec. doc. 1.

## II.    The Discovery Process

The EEOC propounded its First Set of Interrogatories and First Set of Requests for Production to Defendants on March 12, 2026. R.doc. 22 See Exs. A and B.  Responses to the discovery were due on April 12, 2026, and according to the EEOC's letter of May 27, 2026, was six weeks overdue. See Rec. doc. 22-8.

On April 29, 2026, counsel for Defendants contacted  EEOC's counsel seeking a 30-day extension of time to respond.  The EEOC did not agree to an extension of time to respond to this the first set of requests for admission.  R.doc. 22-7.  The EEOC did agree to hold off on noticing a Rule 37 conference regarding the first set of interrogatories and requests for production until two weeks from April 29, 2026.  *Id*.

On May 27, 2026, having received no responses to its First Set of Interrogatories and First Set of Requests for Production, the EEOC by email agreed to delay a Rule 37 conference and delay the filing of a motion to compel responses until after June  12, 2026.

The EEOC contends that on June 4, 2026, the parties held a Rule 37 teleconference, during which counsel for Defendants agreed to provide responses to the EEOC's First Set of Requests for Production on or before June 12, 2026.  Also, during the conference, according to the EEOC and for the first time, defendants counsel disclosed that Madison Brabender, a witness, was no longer

an employee.  However, the EEOC had been attempting to set her deposition since May 1, 2026. R. Doc. 22-1, p. 3.

### A.  <u>The Motion</u>

The EEOC filed a Motion to Compel  on June 17, 2026, and contends that as of the filing of the subject motion it had not received the defendant's responses to its First Set of Interrogatories and First Set of Requests for Production, nor any indication as to when or whether the defendants would produce Ms. Brabender for deposition.  The EEOC contends that neither have the defendants provided her last known contact information.

The  Defendants did not file an opposition to the Motion to Compel  by the deadline of June 30, 2026.  Instead, the defendants filed an opposition  to the Motion to Compel one day before the motion was to be considered submitted on July 8, 2026.

On July 14, 2026, just shy of one month since the filing of the Plaintiff's Motion to Compel Discovery Responses and Supplemental Disclosures  (R. doc. 22) , the Defendants now seeks to move the submission date from July 8, 2026, to August 5, 2026.  R. doc. 34.

### III.    <u>Analysis</u>

Defendants have filed the subject motion seeking an after the fact extension of time to consider the Plaintiff's Motion to Compel Submitted.  Defendants point out that its new counsel was retained on July 8, 2026, the day after its enrolled counsel filed an opposition to the Plaintiff's Motion to Compel.  Defendants contend that five days after retaining its new counsel, that it filed a motion to withdraw its now prior counsel.  Defendants contend that it was scheduled to meet-and-confer to discuss and or explore a resolution to the pending discovery and a possible settlement.  Therefore, it now seeks a resetting of the  submission date.

3

Plaintiff opposes the subject motion as not warranted because the defendants have for months been engaged in dilatory conduct necessitating the motion to compel, preventing it from obtaining discovery. Plaintiffs contends that the deadline for opposing the motion was June 30, it was represented by counsel, and they offer no good cause for why they should be permitted an extension on a passed deadline. The Plaintiffs contend that they are approaching a discovery deadline of September 29, 2026. Finally, the plaintiffs contend that the defendants submitted untimely responses that were grossly inadequate and failed to comply with the discovery rules.

Local Rule 7.2 Noticing Motions for Submission provides that Counsel filing a motion must, at the time of filing, notice it for submission within a reasonable time. Unless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission and actual notice of the submission date must be given to opposing counsel at least fifteen days before the submission date, regardless of which FRCP 5(b) service method is used. The motion and supporting memorandum must also be served with the notice. The notice date is the date the motion is deemed submitted to the court for decision and after which no further briefing will be allowed, except with prior leave of court. L. R. 7.2, Noticing Motions for Submission, 2022 Civil Rules LA. E.D.

In considering the motion, the Court finds that the Motion for Expedited Consideration is granted. The Court further finds the Opposed Motion to Re-Set Submission date of Plaintiff's Motion to Compel is denied for the following reason. First, the responses were due in May, not responded to albeit late until July 7, 2026. Further, the local rule provides that a matter is considered submitted on the notice date which in this case was July 8, 2026, after which no additional briefing would be allowed by the Court. In this case, the Defendants filed their responses late as they were due on June 30,

4

2026, and further well after the opportunity to provide objections per the Federal Rules of Civil Procedure.

Further, the basis for the moving of the submission date, although not stated, is a backdoor attempt to render the defendants late filed opposition timely. The discharge and retention of a different lawyer, however, provides no basis for doing so. Further, the defendant's suggestion that now some almost three months after the due date of the discovery that should be afforded additional time to meet-and-confer to discuss the case should have occurred before the original date that the discovery was due.

**IV.** **Conclusion**

**IT IS ORDERED that** the **Defendants' Ex Parte Motion for Expedited Consideration of Opposed Motion to Re-Set Submission Date of Plaintiff's Motion to Compel Compel Discovery Responses and Supplemental Disclosures ( R.doc. 34) is GRANTED**.

**IT IS FURTHER ORDERED** that the **Defendant's Motion to Re-Set Submission Date of Plaintiff's Motion to Compel Discovery Responses and Supplemental Disclosures. (R.doc. 30) is DENIED**.

New Orleans, Louisiana, this <u>17th</u> day of July 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**