**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**U.S. EQUAL EMPLOYMENT**                                      CIVIL ACTION
**OPPORTUNITY COMMISSION**

**V.**                                                                       **NO:    25-1339**
**NALCO COMPANY, LLC, AND**                          **SECTION: "R" (4)**
**ECOLAB, INC.,**

**ORDER & REASONS**

Before the Court is **Plaintiff's Motion to Compel Discovery Responses and Supplemental Disclosures ( R.doc. 22).** The Motion is Unopposed.[1]  Also, before the Court is **Plaintiff's Motion to Strike Defendants' Memorandum in Opposition to Motion to Compel. ( R. doc. 27)** The Motion is opposed. (**R. doc. 39).**  Lastly**,** Defendants requested **Oral Argument on the Plaintiffs' Motion to Strike. ( R. doc. 40)**

**I.      Factual Summary**

On January 6, 2022,  Nalco offered Ms. Trina Goehring ("Goehring") a Logistics Specialist position for which she applied and interviewed, which was contingent on the successful completion and satisfactory results of enumerated post-offer screenings. Rec. doc. 1  Plaintiff was referred to Corporate Health Resources, Inc. ("CHR") for a medical exam. *Id*.   As part of the exam, the plaintiff was required to take an electrocardiogram because she was 40 years or older. *Id*. Plaintiff was also required to provide a list of prescriptive medications she took for her Bipolar Depression. *Id*.

CHR requested that Ms. Goehring have her treating psychiatrist complete a form regarding her ability to perform the essential functions of the Logistics Specialist Position. *Id.*  Goehring contends that the prospective supervisor's knowledge of her medical conditions had not properly

---

[1] The defendants filed an untimely opposition which will not be considered by this Court.

maintained the confidentiality of medical information. *Id.* The plaintiff also complains that Ms. Goehring's employment was contingent on her being free of any restrictions. R. doc. 1, P. 9. After not supplying the form to the defendant, Goehring withdrew her application because of CHR's alleged conduct. *Id.*

On June 30, 2025, the EEOC filed this action alleging that Defendants, operating as an integrated enterprise and joint employers, discriminated against Charging Party Trina Goehring under the Age Discrimination in Employment Act of 1967 ("ADEA") because they conditioned her employment on her submission to an EKG based on her age. Rec. doc. 1.

The EEOC contends that on June 4, 2026, the parties held a Rule 37 teleconference, during which counsel for Defendants agreed to provide responses to the EEOC's First Set of Requests for Production on or before June 12, 2026. Also, during the conference, according to the EEOC and for the first time, defendants counsel disclosed that Madison Brabender, a witness, was no longer an employee. However, the EEOC had been attempting to set her deposition since May 1, 2026. R. Doc. 22-1, p. 3.

The EEOC filed a Motion to Compel on June 17, 2026, and contends that as of the filing of the subject motion it had not received the defendant's responses to its First Set of Interrogatories and First Set of Requests for Production, nor any indication as to when or whether the defendants would produce Ms. Brabender for deposition. The EEOC contends that neither have the defendants provided her last known contact information.

The Defendants did not file an opposition to the Motion to Compel by the deadline of June 30, 2026. Instead, the defendants filed an opposition to the Motion to Compel one day before the motion was to be considered submitted on July 8, 2026.

## II.      Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." See Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court. . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 26(a)(2) requires the disclosure of the expert's identity and the preparation of a written report—prepared and signed by the expert—containing "a complete statement of all opinions the

3

witness will express and the basis and reasons for them." *Id*. at 26(a)(2)(B)(i). District courts have the discretion to exclude expert reports or expert testimony when a party does not comply with the disclosure requirements of Rule 26(a)(2) in preparing an expert report and introducing expert testimony. See *Harmon v. Georgia Gulf Lake Charles, L.L.C.*, 476 F. App'x 31, 36-37 (5th Cir. 2012) (holding that district court did not abuse its discretion in determining that exclusion of expert's testimony was appropriate sanction for plaintiffs' failure to comply with rule governing expert reports).

Discovery of documents, electronically stored information, and the like is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things" in the responding party's "possession, custody, or control." *Id*.

## III.   Analysis

The Plaintiffs filed the subject motion seeking opposed responses to First Set of Interrogatories and First Set of Request for Production of documents propounded on April 29, 2026.  The Plaintiffs contend that on May 27, 2026,  having received no responses to its discovery, it requested a Rule 37 conference to discuss these requests and other discovery issues.  However, despite an extension or delay in filing the subject motion,  no response to discovery was provided.

The defendant contends that it retained new counsel on July 8, 2026, and requested a stay of the subject motion to allow the parties to potentially resolve the issues raised by the Motion. R. doc. 39. Discussions according to the defendants continued on July 15, 2026, when they scheduled another conference to discuss the resolution of the disputed discovery including possibly settlement of the claim. *Id.* The defendants further contend that the plaintiff has failed to

4

demonstrate circumstances that would permit the drastic remedy of deeming their motion unopposed and should not impose severe sanctions without basis. *Id.*

The defendants also urge the Court to deny Plaintiff's Motion to Strike because it is not applicable to motions but instead defenses.  The defendants contend to the extent that the Court considers Plaintiff's Motion to Strike, the Court should find that the plaintiff has failed to demonstrate that it will be prejudice by the defendants' opposition to the subject motion.

When served with Interrogatories, responding parties must either answer or object. Fed R. Civ. P. 33(b) ("Each interrogatory must, to the extent it is not objected to be answered separately and fully in writing under oath."); see, e.g., *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.' " *Id*. (quoting *Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 820 (5th Cir. 2004)). Information within the scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

Similarly, Rule 34 provides that a party may request the production of "any designated documents or electronically stored information" or "any designated tangible things." Fed. R. Civ. P. 34(a)(1). For each item or category, a "response must ... state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34 (b)(2)(B). Rule 34 further provides that the responding party must provide a written response within thirty days of service. Fed. R. Civ. P. 34 (b)(2)(A).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey*

*Healthcare, LLC,* 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc*., 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

In considering the subject matter, the Court notes that the defendants have had challenges in responding to discovery.  It is undisputed that on June 4, 2026, the parties held a Rule 37 teleconference, during which counsel for Defendants agreed to provide responses to the EEOC's First Set of Requests for Production on or before June 12, 2026.  Also, during the conference, according to the EEOC and for the first time, defendants counsel disclosed that Madison Brabender, a witness, was no longer an employee.  However, the EEOC had been attempting to set her deposition since May 1, 2026. R. Doc. 22-1, p. 3.  On July 14 2026, new counsel was substituted in place of the originally enrolled counsel for the defendant several months after the period expired to respond to discovery. R. doc. 32.

It is further undisputed that the EEOC filed a Motion to Compel on June 17, 2026, because it had not received the defendant's responses to its First Set of Interrogatories and First Set of Requests for Production, nor any indication as to when or whether the defendants would produce Ms. Brabender for deposition.  Additionally, the Defendants did not file an opposition to the Motion to Compel  by the deadline of June 30, 2026, but instead filed an opposition to the Motion to Compel one day before the motion was to be considered submitted on July 8, 2026, by the later terminated attorney.  R.doc. 25.

The defendants contend in their response that they cannot produce some of the information without a protective order. R. doc. 25-2.  However, the Court has yet to receive a proposed protective order from the parties. *Id.*  Further, in reviewing the untimely responses to the plaintiff's Interrogatories and Request for Admission, the defendants asserted either the attorney client privilege or the work product doctrine,  in addition to other objections. *Id*.

However, their failure to timely respond results in a waiver as to all other objections except as to attorney client privilege or the work product doctrine. *See Newpark Environ. Serv. V. Admiral Ins. Co.,* 2000 WL 136006 (E.D. La., Feb. 20, 2000 ) Further regarding the assertion of privilege, the defendants have failed to comply with Fed. Rule. Civ. Pro. 26 which requires that a privilege log accompany the responses if such objections are made. *See Woodland v. Nalco Chemica Co.,* 2003 WL 229228808 (E.D. La. 2003).

Finally, it remains unclear to the court when or if the defendants will: (1) produce Ms. Brabender for deposition; or (2) provide the plaintiff with Brabender's last known address so that they can issue a subpoena to her for deposition. Nevertheless, the defendants have **14 days** to cooperate with the plaintiff by either producing Brabender or providing plaintiff with Brabender's address.

As for the Request for Oral Argument, the Court finds that the issue regarding the subject motion is moot in light of the ruling on the Motion to Compel. Therefore, the Request for Oral Argument is DENIED as Moot.

Accordingly,

## IV.    Conclusion

**IT IS ORDERED** that the **Plaintiff's Motion to Compel Discovery Responses and Supplemental Disclosures (R.doc. 22)** is **GRANTED**

**IT IS FURTHER ORDERED** that the defendants shall supplement the responses no later than **fourteen (14 days)** of the signing of this order without objections except as to attorney client or work product privilege.

**IT IS FURTHER ORDERED** that to the extent that the defendants assert either attorney-client privilege or the work product doctrine, the defendants are required to comply with Fed. Rule

of Civ. Proc. 26 by providing a privilege log to be used for assessment of the proper assertion as to each document.

**IT IS FURTHER ORDERED** that the defendants, **NALCO COMPANY, LLC AND ECOLAB, INC.**, have no later than **21 days of the signing of this Order** to cooperate with the plaintiff, **THE EEOC**, by either producing Ms. Brabender for deposition or providing plaintiff with Brabender's last known address.

**IT IS FURTHER ORDERED** that the **Plaintiff's Motion to Strike the Defendants Opposition to the Motion to Compel ( R. doc. 27)** is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that **Defendant's Request for Oral Argument (R. doc. 40)** is **DENIED as MOOT .**

New Orleans, Louisiana, this 22<sup>nd</sup>day of July 2026.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

8